# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| GLORIA GLAWATZ,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | No. C07-3042-PAZ<br><br>**ORDER FOR REMAND** |

  This matter is before the court on the plaintiff's motion (Doc. No. 14) to remand this matter for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). On May 27, 2004, the plaintiff Gloria Glawatz protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, alleging her disability began on January 31, 1997. Her application was denied initially and on reconsideration. She requested a hearing, and a hearing was held on April 5, 2006, before ALJ Denzel R. Busick. Glawatz was represented at the hearing by attorney Mike Sherman. Witnesses at the hearing included Glawatz, her husband Dale Glawatz, and Vocational Expert ("VE") Elizabeth Albrecht. On July 21, 2006, the ALJ held Glawatz retained the residual functional capacity to work, and she therefore was not disabled. Glawatz appealed the ALJ's decision, and on April 23, 2007, the Appeals Council of the Social Security Administration denied her request for review, making the ALJ's decision the final decision of the Commissioner.

  Glawatz filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. On July 23, 2007, with the parties' consent, Judge Mark W. Bennett transferred the case to the undersigned for final disposition and entry of judgment. On September 28, 2007, the plaintiff filed a brief in support of her claim. Concurrently, she filed the motion

to remand that is currently before the court. The Commissioner resisted the motion on October 12, 2007. The Commissioner filed a responsive brief on the merits on November 21, 2007.

At the time she filed her application, Glawatz claimed disability due to "[f]atigue, weakness in arms and legs, incontinence, inability to stand or sit for any length of time, intention tremors, poor handwriting, muscle spasms, falls, stiffness . . . [and] poor balance." (R. 86) She claimed these conditions prevented her from working because she could not lift, and could not sit, stand, or walk for any length of time without becoming weak or fatigued, causing her to fall. At some point in time, Glawatz was diagnosed with multiple sclerosis. It is not apparent from the record currently before the court when she finally received this definitive diagnosis. On January 29, 2007, more than six months after the ALJ issued his decision, Glawatz asked neurologist Jonathan C. Calkwood, M.D., of the Schapiro Center for Multiple Sclerosis in Minneapolis, Minnesota, to review her records and provide an opinion letter for use in her appeal of the ALJ's decision. The doctor's review of Glawatz's records took some time, and the Appeals Council issued its decision before the doctor issued his opinion letter on April 26, 2007. In his letter, the doctor opined that Glawatz's symptoms dating back to 1991 all "were consistent with her current diagnosis of multiple sclerosis." The doctor's letter is the "new evidence supporting her claim" that forms the basis for Glawatz's motion to remand.

The court "may at any time order additional evidence to be taken before the Commissioner of Social Security but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.[.]" 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89, 99-100, 111 S. Ct. 2157, 2163-64, 115 L. Ed. 2d 78 (1991) (confirming claimant's duty to show good cause for failing to present the evidence earlier). The Commissioner argues Glawatz has failed to meet her burden to show good cause for the

tardy submission of Dr. Calkwood's letter. The doctor was not asked to review Glawatz's records and provide an opinion until January 29, 2007, over six months after the ALJ issued his opinion. Glawatz's attorney states he requested the letter for the purpose of submitting it to the Appeals Council, yet Glawatz requested review of the ALJ's decision on July 27, 2006, again some six months prior to requesting the doctor's opinion.

Dr. Calkwood's letter clearly is relevant and material to a determination of whether Glawatz was disabled during the period in question. Because the record was insufficient for the court to determine whether Glawatz had good cause for her failure to present this evidence during the administrative review of her case, the court directed Glawatz to supplement her motion to dismiss with additional evidence to support her claim that good cause existed for her failure to incorporate this new, material evidence in the administrative proceeding.

On March 28, 2008, Glawatz filed a supplement to her motion (Doc. No. 23), indicating she first received a definitive diagnosis of Multiple Sclerosis on June 13, 2006, when she was evaluated by Dr. Calkwood. She submitted a letter from the doctor to the Appeals Council, setting forth her diagnosis. However, in the letter, the doctor did not address whether Glawatz's symptoms preceding the date of her diagnosis likely were due to multiple sclerosis, or, if so, for what period of time or to what extent. While the case was pending before the Appeals Council, Glawatz's counsel determined that it might be useful to ask the doctor for an opinion regarding whether Glawatz's neurological symptoms, which she first developed in the early 1990s, could be due to her developing multiple sclerosis. Counsel did not receive the doctor's response until after the Appeals Council had issued its decision declining further review of Glawatz's application for benefits.

The court finds Glawatz has shown good cause for her failure to incorporate this evidence in the administrative record. The court further finds, as noted above, that

Dr. Calkwood's letter is both relevant and material to a fair consideration of Glawatz's application. Accordingly, this case is **remanded** pursuant to sentence six of 42 U.S.C. § 405(g), for consideration of Dr. Calkwood's opinion letter, further development of the record as the parties deem necessary, and other appropriate proceedings as determined by the parties. "The court will retain jurisdiction and reserve final judgment until the parties have complied with the statutory post-remand requirements of 42 U.S.C. § 405(g)." *Hanson v. Chater*, 895 F. Supp. 1279, 1288 (N.D. Iowa 1995).

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT